ORIGINAL

#068575

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
SEP 2 2008
U.S. COURT OF FEDERAL CLAIMS

**TEXTAINER EQUIPMENT MANAGEMENT (U.S.) LIMITED**
**And**
**CAI INTERNATIONAL, INC.**
**And**
**CRONOS CONTAINERS LIMITED**

**Plaintiffs,**

v.

**THE UNITED STATES OF AMERICA**

**Defendant.**

**Civil Action No.** 08-610 C

## COMPLAINT

1. This is an action against the United States for just compensation pursuant to the Fifth Amendment of the United States Constitution. The claim is based on the government's taking of certain cargo transport containers belonging to each of the Plaintiffs and worth, in total, over $1,300,000. The United States has refused to compensate the Plaintiffs for their respective containers which were originally leased to the United States through a company known as TOPtainer Inc. Some of the containers were lost or destroyed while in the possession of the United States. The United States "purchased" the remaining containers from TOPtainer and has exercised dominion and control over them despite the fact that the United States knew that TOPtainer had no right or authority to sell the containers. Plaintiffs have been unable to recover the value of the containers from TOPtainer.

## PARTIES

2. Plaintiff, Textainer Equipment Management (U.S) Limited ("Textainer"), successor in interest to Capital Lease Limited, is a limited liability company, organized and

existing under the laws of Delaware. Textainer's main administrative office is in San Francisco, California. Textainer also maintains an office in New Jersey. Capital Lease Limited, Textainer's predecessor in interest, maintained offices in New Jersey and Florida. Capital Lease Limited's account with TOPtainer was managed out of its Florida office.

3. Plaintiff, CAI International, Inc. ("CAI"), is organized and existing under the laws of Delaware and maintains its principal place of business in San Francisco, California. At the time that it entered into the container lease with TOPtainer, and at the time the containers were taken by the United States, CAI's name was CAI Interpool, LLC. CAI Interpool was formed under the laws of the State of Nevada, and maintained its principal place of business in San Francisco, California.

4. Plaintiff Cronos Containers Limited ("Cronos"), is a limited liability company, organized and existing under the laws of the United Kingdom. Cronos maintains offices in the United States – in both San Francisco and New Jersey. In both the San Francisco office and the New Jersey office, Cronos leases and markets its containers. The San Francisco office engages in the investment management of containers. The container lease between Cronos and TOPtainer was entered into by the Area Director for the West Coast of Cronos, who was located in the San Francisco office at the time.

5. Defendant is the United States of America acting through its lawfully authorized employees, agents and agencies, including the Department of the Army.

**JURISDICTION AND VENUE**

6. Jurisdiction and venue of this Court is based on the Tucker Act (28 U.S.C. § 1491) and the just compensation clause of the Fifth Amendment to the Constitution of the United States.

## OPERATIVE FACTS

7. Plaintiff, Textainer, the successor in interest to Capital Lease Limited ("Capital Lease"), is the owner of a fleet of "intermodal" cargo containers that facilitate the transport of cargo on ocean and/or land. On or about March 22, 2004, Capital Lease entered into a lease agreement with TOPtainer, in which TOPtainer leased from Capital Lease, certain containers. The parties understood that TOPtainer intended to sublease these same containers to the United States Army.

8. Plaintiff, CAI, is the owner of a fleet of intermodal cargo containers. On or about November 4, 2002, CAI entered into a lease agreement with TOPtainer, in which TOPtainer leased from CAI, certain containers. The parties understood that TOPtainer intended to sublease these same cargo containers to the United States Army.

9. Plaintiff, Cronos, is the owner of intermodal cargo containers. On or about September 17, 2003, Cronos entered into a lease agreement with TOPtainer, in which TOPtainer leased from Cronos, certain cargo containers. The parties understood that TOPtainer intended to sublease these same containers to the United States Army.

10. TOPtainer subleased the aforementioned ocean cargo containers to the United States Army via one or more sublease agreements. The Plaintiffs were not parties to these sublease agreements.

11. Upon information and belief, some of the Plaintiffs' cargo containers leased from TOPtainer to the United States were lost or destroyed while in the custody and control of the United States Army. Pursuant to the lease agreements between TOPtainer and the United States Army, a process to compensate TOPtainer for those lost or destroyed cargo containers began. The United States Army ultimately decided to "purchase" from TOPtainer all of the cargo

containers it had leased, by declaring the containers "lost" or "destroyed" regardless of whether they had actually been lost or destroyed.

12. Between September and December of 2004, TOPtainer submitted a series of invoices to the United States Army for the "purchase" of the cargo containers. All of this was done without the knowledge, consent or approval of any Plaintiff.

13. Without the consent of any Plaintiff, TOPtainer sold, and the United States Army purported to purchase, the cargo containers belonging to the Plaintiffs. The United States Army has maintained dominion and control over the containers ever since.

14. The United States knew, or should have known, that the cargo containers belonged to the Plaintiffs. Specifically, each cargo container displayed a metal plate indicating ownership of the containers. In addition, the United States Army was advised that the cargo containers did not belong to TOPtainer.

15. The United States knew, or should have known, that TOPtainer had no authority, right, or consent of any nature to lawfully sell the Plaintiffs' containers.

16. With the exception of payments that CAI received from TOPtainer covering 189 containers, the remainder of the purchase money paid by the United States to TOPtainer was not tendered to Plaintiffs.

17. Despite numerous requests, neither the United States nor TOPtainer have returned the remaining ocean cargo containers to the Plaintiffs, nor paid them for them. Plaintiffs' efforts to obtain compensation from TOPtainer have been unsuccessful.

18. The United States Army has either lost, destroyed and/or maintained dominion and control over approximately 478 of Textainer's ocean cargo containers, worth approximately $893,655.90, for which Textainer has not been compensated.

19. The United States Army has either lost, destroyed and/or maintained dominion and control over approximately 262 of CAI's ocean cargo containers, worth approximately $295,737.00, for which CAI has not been compensated.

20. The United States Army has either lost, destroyed and/or maintained dominion and control over approximately 117 of Cronos' ocean cargo containers, worth approximately $126,433.00, for which Cronos has not been compensated.

## CLAIM FOR RELIEF
## (TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION (U.S. CONSTITUTION, AMEND. V))

21. Plaintiffs reallege and incorporate by reference all of the allegations of paragraphs 1 through 20 of this Complaint, and further alleges as follows:

22. The Fifth Amendment to the United States Constitution provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation."

23. Defendant's actions as described above constitute a taking of Plaintiffs' private property, for which just compensation is due under the Fifth Amendment to the Constitution of the United States.

24. In violation of the Constitution of the United States, Defendant has not paid to any of the Plaintiffs just compensation for Plaintiffs' property so taken.

25. Accordingly, Plaintiffs are entitled to a declaration of this Court that Plaintiffs' private property has been taken for public use, and an order-compelling Defendant to pay to each Plaintiff the value for this property, in an amount to be determined at trial but expected to exceed the total sum of $1,300,000.

WHEREFORE, Plaintiffs pray for relief as follows:

1. A declaration of this Court that each Plaintiff's private property has been taken for public use, and an order compelling Defendant to pay to each Plaintiff just compensation for this property, in an amount to be determined at trial, but expected to exceed the sum of $1,300,000;

2. Pre-judgment and post-judgment interest;

3. Attorneys' fees and costs of prosecuting this matter; and

4. Such other and further relief in the interests of justice as the Court may deem just and proper.

Dated: September 2, 2008.

Respectfully submitted,

Lars H. Liebeler
THALER LIEBELER, LLP
1825 Eye Street, N.W.
Suite 400
Washington, D.C. 20006
Direct Telephone: (202) 587-4747
Main Telephone: (202) 466-4110
Fax: (202) 466-2693