# In the United States Court of Federal Claims

No. 08-610C
(Filed: July 22, 2013)

|  |  |
|---|---|
| TEXTAINER EQUIPMENT MANAGEMENT LIMITED, et al., | ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

## ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND GRANTING DEFENDANT'S MOTION TO COMPEL

The court is in receipt of the parties' briefing on plaintiffs' July 3, 2013 motion for a protective order and the government's July 15, 2013 motion to compel. These motions follow the court's May 15, 2013 order in this Fifth Amendment takings case joining Capital Lease Limited ("Capital") as the "real party in interest" in this matter. Capital allegedly owned the intermodal shipping containers that are the subject of plaintiffs' takings action at the time of the alleged taking. Following joinder of Capital, the court allowed the parties to conduct limited discovery into "Capital's takings claim and the government's possible False Claims Act counterclaim" against Capital. Order at 16, ECF No. 141. The present motions for a protective order and to compel were filed in connection with this limited discovery period.

Plaintiff Capital has moved for a protective order relieving Capital from the government's request for a Rule 30(b)(6) deposition regarding Capital's takings claim and the government's counterclaim.  <u>See</u> Rules of the United States Court of Federal Claims 30(b)(6) ("Notice or Subpoena Directed to an Organization.").  In support, Capital argues that the seventeen discovery topics designated by the government in its Rule 30(b)(6) deposition notice go beyond the scope of this court's order, that the government's requests amount to harassment, that the sole director of Capital, Mr. Jacob Versnel, has no personal knowledge of any matter relating to the government's counterclaim or any issue relating to Capital's takings claim, and that all relevant information on Capital's takings claim is already before the court.

The government argues in response that its 30(b)(6) deposition notice is within the scope of discovery granted by the court because the government seeks information relating to four basic topics:  (1) Capital's ownership of the containers at issue; (2) Capital's insurance claim, which implicates both ownership issues and Capital's standing to bring its takings claim; (3) Capital's corporate status, which implicates Capital's standing to bring its takings claim, and (4) the government's possible counterclaims.  The government argues that Capital has not provided good cause for a protective order because the government's discovery requests seek basic information on Capital's standing and ownership of the containers, and are therefore within the scope of the court's limited discovery order regarding "Capital's takings claim."  Order at 16.

The government has also moved to compel Capital to respond adequately to the government's first set of interrogatories and document requests.  Capital's initial

responses to the government's discovery requests generally objected to the requests as outside this court's limited discovery order or irrelevant or duplicative of prior discovery requests in this case.  After consideration of the parties' arguments, the court **DENIES** Capital's motion for a protective order and **GRANTS** the government's motion to compel.

As the newly-joined "real party in interest" in this case, Capital now bears the burden of proving (1) that it is the owner of the containers for which it seeks compensation, (2) the number of containers that it alleges were taken by the government, (3) that it has the legal capacity to bring this takings claim, and (4) that it owns the takings claim.  See, e.g., Skip Kirchdorfer, Inc. v. United States, 6 F.3d 1573, 1580 (Fed. Cir. 1993).  The topics identified in the government's Rule 30(b)(6) notice of deposition, the government's interrogatories, and the government's request for production of documents are all appropriate because they relate to Capital's ownership of the containers, its capacity to sue, and its ownership of the takings claim.[1]  As such, the

---

[1]In addition, while Capital argues that the limitations period has run on the government's fraud counterclaim, a determination of whether the counterclaim is barred on statute of limitations grounds is premature because discovery has not yet been completed.  The court expressly allowed limited discovery on the government's counterclaim in its May 15, 2013 order.

Moreover, the court agrees with the government that its requests for information and documents relating to Capital's insurance claim regarding the subject containers are within the scope of discovery because the requests seek information on Capital's ownership of the containers and its takings claim.  Capital's insurance policy contains a subrogation clause that states: "[Capital] shall do whatever is reasonable and necessary to secure rights which relate to insured claims and/or preserve those rights and shall do nothing to prejudice them.  Proceeds of any recovery efforts effected by the Assurer are for their account until the total amount of their claim payment has been met.  The balance of proceeds is then for [Capital's] account.  However, title to lost and constructive total loss Equipment shall remain with [Capital.]"  Def.'s Mot. to Compel, App. at A33.

requested discovery is relevant and potentially necessary to the resolution of this action, and within the scope of the court's limited discovery order.[2]  In addition, Capital has not otherwise made a "particularized factual showing" that it will suffer harm if the court does not issue a protective order regarding the Rule 30(b)(6) deposition of Capital.  Iris Corp. Berhad v. United States, 84 Fed. Cl. 489, 492 (2008) (internal quotation omitted). Rather, a Rule 30(b)(6) motion in this case is necessary to bind Capital.  See Exxon Research & Eng'g Co. v. United States, 44 Fed. Cl. 597, 601 n.3 (1999).  Nor has Capital demonstrated how, "despite the broad and liberal construction . . . afforded the federal discovery rules," the government's requests are not relevant or unduly burdensome or oppressive, given Capital's own burden, as the newly-joined "real party in interest," of

---

[2] Capital also argues that the government's discovery requests are improper because, even if Capital could not demonstrate it owns the subject containers or has standing to bring its claim, Green Eagle Investments ("Green Eagle")—which owns 100% of Capital's stock—may still bring the takings action.  However, Green Eagle's ability to bring Capital's takings claim implicates issues under the Anti-Assignment Acts (in particular, the Assignments of Claims Act, 31 U.S.C. § 3727) that also may turn on Capital's current corporate status.  See L-3 Commc'ns Integrated Sys., L.P. v. United States, 84 Fed. Cl. 768, 777 (2008) (noting that the "operation of law" exception to the Anti-Assignment Acts' bar on the transfer of claims against the government "generally involves situations where, for all intents and purposes, the contract with the Government continues with essentially the same entity, which has undergone a change in its corporate form or ownership").

In particular, if Capital cannot bring this takings action and argues that it transferred its takings claim to Green Eagle, the court will have to determine whether this transfer is barred by the Anti-Assignment Acts or falls within an exception to the Acts.  While agreement by Capital to be bound by the outcome of Green Eagle's suit can be a factor that the court will consider in determining, if necessary, whether the Anti-Assignment Acts operate to bar any transferred claim, see L-3, 84 Fed. Cl. at 778, the court must also consider the nature of the corporate reorganization at issue, see id. at 777.  Contrary to plaintiffs' contention, therefore, even if both Green Eagle and Capital have agreed, regardless of which entity brings the claim, that they will both be bound by any holding in this case, the court will still need to determine the precise relationship between Green Eagle and Capital in order to resolve any issues of law regarding the Anti-Assignment Acts.

demonstrating ownership of the subject containers and its capacity to bring this takings case.[3] <u>Ford Motor Co. v. United States</u>, 84 Fed. Cl. 168, 172 (2008) (quotation omitted).

The court therefore grants the government's motion to compel adequate responses to its initial discovery requests and denies Capital's motion for a protective order regarding the Rule 30(b)(6) deposition of Capital.  Capital must designate the most knowledgeable person or persons to testify upon its behalf regarding the topics listed in the government's Rule 30(b)(6) deposition notice.  Because of the relationship between (1) Textainer Equipment Management Limited ("Textainer"), the manager of Capital's containers, (2) Green Eagle Investments ("Green Eagle"), which owns 100% of Capital's stock, and (3) Capital, the owner of the containers allegedly taken, a current or former official or officials from Green Eagle or Capital may be the appropriate 30(b)(6) deponent or deponents.

The stay on the limited discovery period is now lifted.  The parties shall have until **August 19, 2013** to complete discovery in accordance with this order.[4]  By **August 23, 2013**, the parties shall file a joint status report indicating next steps in this litigation.

---

[3] To the extent that Capital argues that the government has waived any objections regarding Capital's ownership of the 477 containers at issue, the court disagrees.  While the government may have waived objections to the ownership issue for the purposes of past summary judgment motions, the ownership issue was never squarely decided by the court, and therefore has not been waived for the purposes of the entire action.  <u>See</u> Charles Alan Wright & Arthur R. Miller et al., 18B <u>Federal Practice and Procedure</u> § 4478 ("A position that has been assumed without decision for purposes of resolving another issue is not the law of the case . . . .").

[4] At the July 17, 2013 joint status conference regarding the parties' instant discovery motions, the government indicated that, as to its discovery requests relating to its fraud counterclaim, it would accept an amended answer by plaintiffs indicating that Green Eagle and Textainer also do not possess additional responsive documents or information.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge