# In the United States Court of Federal Claims

No. 08-610C
(Filed: June 30, 2014)

|  |  |  |
|---|---|---|
| TEXTAINER EQUIPMENT MANAGEMENT LIMITED, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Motion for Reconsideration; RCFC 59; Final Judgment |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING RECONSIDERATON AND FOR ENTRY OF JUDGMENT**

Pending before the court are plaintiffs' motions for reconsideration under Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"),[1] filed May 8, 2014.[2] In its first motion, plaintiff Capital Lease Limited ("Capital") argues that the court should reconsider its decision to deny Capital's request to join Capital Lease GMBH ("GMBH") to this case after the court determined that Capital was not entitled to compensation for containers taken by the government but belonging to GMBH. The court determined that

---

[1] Also pending before the court is plaintiffs' motion for discovery sanctions pursuant to RCFC 37. That motion is addressed at <u>infra</u>, note 5.

[2] The court's previous decisions include:  Textainer Equiq. Mgmt. Ltd. v. United States, 115 Fed. Cl. 708 (2014); Textainer Equip. Mgmt. Ltd. v. United States, No. 08-610, 2013 WL 1984382 (Fed. Cl. May 15, 2013); Textainer Equip. Mgmt. Ltd. v. United States, No. 08-610, 2012 WL 5465983 (Fed. Cl. Nov. 6, 2012); Textainer Equip. Mgmt. Ltd. v. United States, 105 Fed. Cl. 69 (2012); Textainer Equip. Mgmt. Ltd. v. United States, 99 Fed. Cl. 211 (2011).

Capital's request was untimely. Plaintiff seeks reconsideration of that determination and argues the delay in requesting joinder was caused by the government and outside of plaintiff's control. In its second motion, plaintiff, CAI International, INC. ("CAI"), seeks reconsideration of the court's earlier decision denying compensation to CAI on the grounds that the United States took title to containers belonging to CAI as a bona fide purchaser for value pursuant to contract and thus CAI could not establish a Fifth Amendment taking.[3] CAI argues that the government's contract right was limited to the acquisition of containers that were "lost" in Iraq and CAI now has evidence to show that at least one of its containers was not "lost" and was in fact used by the United States Navy ("Navy"). CAI argues it is entitled to compensation under the Fifth Amendment for government use of its containers.

In response, the government argues that neither motion meets the standards for reconsideration under RCFC 59. With regard to joining GMBH, the government argues that plaintiff's request under RCFC 17 comes too late because the delay in seeking joinder was caused by the plaintiffs' collective failure to timely and correctly identify the actual owners of the containers and was not caused by the government. With regard to CAI's request for reconsideration, the government argues that the alleged new evidence is in fact not "new" because plaintiff knew of the container before it filed its cross-motion for summary judgment motion over a year ago. Moreover, the government argues the

---

[3] See Textainer, 2012 WL 5465983, at *11.

information is irrelevant to the court's holding and thus does not support reconsideration of the court's liability decision.

## I. STANDARD OF REVIEW

In a motion for reconsideration, the moving party must show that (a) an intervening change in the controlling law has occurred, (b) evidence not previously available has become available, or (c) reconsideration is necessary to prevent manifest injustice. RCFC 59(a)(1). A party "must do more than merely reassert[] arguments which were previously made and were carefully considered by the court." Bannum, Inc. v. United States, 59 Fed. Cl. 241, 243 (2003) (citations omitted). Further, a motion for reconsideration "is not intended to give an unhappy litigant an additional chance to sway the court." Bishop v. United States, 26 Cl. Ct. 281, 286 (1992) (quoting Circle K Corp. v. United States, 23 Cl. Ct. 659, 664-65 (1991)).

## II. DISCUSSION

### a. The Court Declines to Reconsider Its Holding Regarding GMBH

Plaintiff, Capital, argues that the court should reconsider its holding denying Capital's request to join GMBH in the litigation on the grounds that the delay in moving for joinder should be attributed to the government. Specifically, plaintiff contends that this case was delayed during the first four years of litigation by the government's contention that none of the containers at issue in this case had been "taken" by the government but were lawfully acquired under a government contract allowing the government to take title to "lost" containers. Capital argues that after the government learned that 125 of Capital's containers were being used by the military the government

3

changed its defense and instead argued that the government's contract with TOPtainer allowed the government to take title to containers "deemed" lost and that the government was a bona fide purchaser for value of the containers upon paying TOPtainer. According to plaintiff, ownership did not become an issue until after the government changed positions and plaintiff was forced to show that the owners of the containers notified the government that TOPtainer was not authorized to pass title to the government. By this point, Capital argues its business was winding down and it had difficulty finding all of its records. Additionally, plaintiffs argue that joinder under RCFC 17 should be liberally granted and, further, that the government would not suffer any prejudice from joinder.

In response, the government argues that Capital has failed to establish grounds for reconsideration. The government argues that it first raised the possibility that GMBH was the owner of these containers in a brief filed on August 6, 2012, but that plaintiffs maintained that the containers were owned by Capital in an affidavit submitted on October 11, 2012. The government further contends that plaintiffs failed to provide complete responses to requests for discovery on ownership issues until compelled to do so by the court, in late 2013. Thus, the government argues, plaintiff is responsible for the delay in identifying the owner of the containers.

The court agrees with the government. Capital has failed to demonstrate the requirements necessary for reconsideration. Plaintiff has not presented any intervening change in the law, presented any new evidence, or demonstrated that reconsideration is necessary to prevent manifest injustice. Instead, plaintiff is seeking to re-litigate the issue of joinder. As discussed in the opinion, the court gave plaintiffs ample opportunity to

discover the ownership of these containers and to join all owners.  Plaintiff, however, waited until the final reply brief on its cross motion for summary judgment and after the close of all discovery to seek to join GMBH.  Although motions for joinder are liberally granted, where delay in bringing a motion is attributable to the plaintiff's conduct, joinder is not mandated.[4]  See 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice and Procedure § 1555 (3d ed.) ("when the determination of the right party to bring the action was not difficult and when no excusable mistake ha[s] been made, then Rule 17(a)(3) is not applicable and the action should be dismissed.").  Plaintiff has not identified a legitimate ground for reconsideration.

### b. The Court Declines to Reconsider Its Holding Regarding CAI

Plaintiff CAI argues that the court should grant reconsideration of its holding that the government did not "take" CAI's containers in contravention of the Fifth Amendment based on new evidence that shows the government had been using at least one of CAI's containers without having paid for it.  CAI contends that, on October 16, 2013, it learned from the Navy that a CAI container, later determined to be among those at issue in this case, was available for pickup in Gulfport, Mississippi.

---

[4] In addition, allowing joinder at this late date would prejudice the government.  Specifically, the court notes that because there is no evidence in the record to show that GMBH gave notice to the government regarding its interest in the subject containers, it is not certain, as plaintiff assumes, that the government would be liable for "taking" the containers owned by GMBH in any event. See Textainer, 115 Fed. Cl. at 715-17.

In response, the government argues the fact that one of CAI's containers was not lost but was in use by the Navy is not a "new" fact and is in any event irrelevant. With regard to relevance, the government contends that the court clarified in its May 2013 decision that CAI was denied compensation on the grounds that the government was a bona fide purchaser for value because the government did not receive timely notice of CAI's objections to TOPtainer's right to transfer title. The government argues the evidence of a container once belonging to CAI in Gulfport, Mississippi is thus irrelevant because the government took legal title to the container when it paid TOPtainer. Moreover, the government argues, the plaintiff knew of this evidence before filing earlier briefs and failed to raise the evidence. Thus, the evidence is not "new."

The court agrees with the government that the evidence is not "new" and is in any case irrelevant. The court's holding that the United States did not take CAI's containers did not depend on whether the containers were "lost" or in "use." Rather, the court held that because CAI did not provide timely notice to the United States that TOPtainer could not pass title to containers owned by CAI to the government, the government obtained title to CAI's containers as a bona fide purchaser for value under TOPtainer's contract with the government. See Textainer, 2012 WL 5465983, at *11-13. Whether CAI's containers were actually lost or being used by the government was therefore not relevant to the court's holding rejecting CAI's right to recover for its containers.[5] Moreover,

---

[5] The court acknowledges that in its last opinion it held that use of the containers by the military was relevant in response to the government's contention that the government had committed the tort of conversion and had not "taken" Capital's containers. Textainer, 115 Fed. Cl. at 718. At issue in that decision, however, was whether the government had committed a tort or had "taken"

6

CAI's argument is not timely in any event.  CAI knew of this alleged new fact before it filed its final brief on summary judgment and failed to identify the fact at that time.  Thus, the evidence presented is not "new" and cannot support reconsideration.

### III.     CONCLUSION AND JUDGMENT

As plaintiffs have not established that (a) an intervening change in the controlling law has occurred, (b) evidence not previously available has become available, or (c) reconsideration is necessary to prevent manifest injustice, plaintiffs' motions for reconsideration are **DENIED**.

Judgment shall therefore be entered as follows: (1) for the reasons set forth in the opinion dated November 6, 2012 (ECF No. 127) judgment is entered for the defendant, the United States, as to the claims asserted by plaintiff Cronos Containers Limited; (2) for the reasons set forth in the opinion dated November 6, 2012 (ECF No. 127) judgment is entered for the defendant, the United States, as to the claims asserted by plaintiff CAI International, Inc.; (3) for the reasons set forth in the opinion dated April 22, 2014 (ECF No. 166), judgment is entered in part for defendant, the United States, as to certain claims asserted by Capital Lease Limited; (4) for the reasons set forth in the opinion dated April 22, 2014 (ECF No. 166), judgment is entered in part for the plaintiff, Capital Lease Limited, for the principal sum of $485,899.64, plus interest in the sum of $238,461.62 for

---

containers where the government was *not* a bona fide purchaser for value under a contract with TOPtainer. In that decision the court concluded that because the government used the subject containers it had "taken" them for its benefit and thus it had to pay for the containers under the Fifth Amendment. In contrast, the court has held that the government was a bona fide purchaser for value of plaintiff, CAI's, containers. As such the government was in fact allowed to use CAI's containers without triggering the Fifth Amendment takings clause.

7

a total judgment of $724,361.26 through May 15, 2014.  Interest will accrue after May 15, 2014 at a rate equal to the Moody's Composite Index of Yields on Aaa Long Term Corporate Bonds Rate, compounded annually, until the judgment is paid; (5) Any claims of the plaintiffs Textainer Equipment Management (U.S.) Limited ("Textainer") and Green Eagle Investments, N.V. ("Green Eagle") are hereby **DENIED** and plaintiff Textainer and plaintiff Green Eagle are hereby **DISMISSED**; (6) Plaintiffs' motion for sanctions filed March 27, 2012 (ECF No. 94) is hereby **DENIED**;[6] and (7) All other Claims not expressly addressed above are hereby **DENIED**.

    **IT IS SO ORDERED.**

---

[6] The plaintiffs moved for discovery sanctions pursuant to RCFC 37 on March 27, 2012.  In the motion, plaintiffs sought to preclude the government from arguing that containers were "lost" on the grounds that the government had failed to timely disclose that 122 containers belonging to Capital were being used by the Marines in Okinawa, Japan.  At the time, the parties were focused on whether the subject containers were actually lost and thus purchased within the terms of the TOPtainer contract.

The government argued that sanctions were not proper because the government supplemented its responses to discovery when it learned of the Okinawa containers.  Moreover, as discussed above, the government later argued that because it was a bona fide purchaser for value of the containers it did not matter that the government was using Capital's containers in Okinawa.

The motion for sanctions is denied because the government took timely action to supplement its discovery responses.  The evidence establishes that the government supplemented its discovery responses once it learned of the Okinawa containers.  In addition, the plaintiffs were not prejudiced by any delay in the government's submission of supplemental discovery responses.  Regardless of plaintiff's contention that title to only "lost" containers could be transferred to the government, the court determined that Capital was entitled to recovery under the Fifth Amendment because Capital gave timely notice to the government of its ownership interest in the containers and thus the government was not a bona fide purchaser for value.  Plaintiff Capital is therefore being reimbursed for the subject 122 containers with interest and thus the request for sanctions is moot.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge